SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
S.600-159S

Attorneys for Secured Creditor
SAFEAMERICA CREDIT UNION

## UNITED STATES BANKRUPTCY COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re: | Bk. No. 17-42440-RLE |
| RICK DERON JOHNSON and FRANCESCA MARIE TOBIN-JOHNSON | Chapter 13 |
| Debtors. | OBJECTIONS TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN |
| | 341 Hearing<br>Date: 11/2/17<br>Time: 2:00 PM<br>Place: Bankruptcy Court<br>    1300 Clay St.<br>    Oakland, CA |

      SAFEAMERICA CREDIT UNION, its assignees and/or successors in interest, secured creditor of the above named Debtors, hereby objects to the confirmation of Debtors' proposed Chapter 13 Plan on the following grounds:

      1.    SAFEAMERICA CREDIT UNION ("Lender") is the obligee under a note and security agreement, which is secured by a **2014 Honda Accord, VIN #1HGCR2F59EA237168** ("Vehicle").

      2.    The following is a recap of the amounts claimed by Lender and the treatment of Lender's claim under the Plan.

| DEBTORS PLAN | LENDER'S CLAIM | GENERAL TERMS OF PLAN | |
|---|---|---|---|
| AMOUNT LISTED BY DEBTORS' FOR LENDER'S CLAIM | TOTAL CLAIM AMOUNT OWED TO LENDER | LENGTH OF PLAN | FINAL PAYMENT DUE DATE ON LENDER'S LOAN |
| $14,571.00 | $20,907.68 | 60 months | 10/08/2021 |
| PROPOSED MONTHLY PAYMENTS TO LENDER | LENDER'S VALUE OF COLLATERAL | MISCELLANEOUS | |
| $268.35 | $16,709 | | |
| VALUE OF COLLATERAL LISTED IN PLAN | | | |
| $14,571.00 | | | |

3.     The secured amount owed to Lender on its secured loan is $20,907.68 However, the Debtors have specified in the Plan that Lender's claim is $14,571.  Where the allowed claim is secured by personal property, as Lender's claim is in this case, the valuation of the Vehicle should be determined based on its replacement value, without deducting sales or marketing costs. See 11 U.S.C. § 506(a)(2).  Section 506(a)(2) states that "replacement value" means the "price a retail merchant would charge for property of the same age and condition at the time value is determined." 11 U.S.C. § 506(a)(2). The Kelley Blue Book Market report dated November 13, 2017 sets the value of the Vehicle at $16,709.  A copy of the Kelley Blue Book Market report is attached hereto as Exhibit "A" and is incorporated herein by reference.  Lender requests that the court take judicial notice of this report pursuant to F.R.E. 201.

4.     Debtors' have proposed to repay this claim at 4.00% interest over the life of the Plan.  The contract rate of interest on this loan is 5.99% (See Retail Installment Sale Contract attached hereto as Exhibit "B"). Debtors' Plan should provide a higher rate of interest to be paid

to Lender.  In <u>Till v. SCS Credit Corporation</u>, the Supreme Court set forth a two-part "prime-plus" formula for the determination of interest paid to creditors under the cramdown provisions in chapter 13 plans. 541 U.S. 465, 478-479 (2004).  The interest rate owed to creditors under this formula is the national prime rate adjusted upwards to account for risk. <u>Id</u>. The Supreme Court listed risk factors to be evaluated for the upward adjustment of interest as (1) "the circumstances of the estate," (2) "the nature of the security," and (3) "the duration and feasibility of the reorganization plan." <u>Id</u>.  The Plan should provide for the contract rate of interest or, alternatively, it should provide for a rate of interest higher than that currently proposed in order to account for risk of nonpayment pursuant to the factors listed in <u>Till</u>, <u>id</u>, specifically because the Vehicle is a rapidly depreciating asset and because of the length of the plan.  Because of the Debtors' filing bankruptcy, the length of the Plan and the fact that the Vehicle is a rapidly depreciating asset, Lender is entitled to an increased interest rate.  Because a higher interest rate will increase payments due under the Plan, the Plan is in violation of 11 U.S.C. § 1325(a)(6).

WHEREFORE, Lender prays that Debtors' Plan not be confirmed and that these proceedings be dismissed, unless these objections are remedied.

SCHEER LAW GROUP, LLP

DATED: November 13, 2017        /s/ REILLY D. WILKINSON
                                #250086

# Lending/Suggested Retail Breakdown
# Kelley Blue Book
## Effective dates: 11/10/2017-11/16/2017

**2014 Honda Accord Sport Sedan 4D**............................................................ $14,116/$16,876

### VIN: 1HGCR2F59EA237168

| | |
|---|---|
| 4-Cyl, i-VTEC, 2.4 Liter................................................. | Included |
| Auto, CVT w/Sport Mode............................................ | Included |
| FWD................................................................................ | Included |
| Ext. Color: N/A........................................................... | $0/$0 |

### *** Equipment ***

| | | | |
|---|---|---|---|
| Hill Start Assist Control..... | Included | AM/FM Stereo............................... | Included |
| Traction Control.............. | Included | CD/MP3 (Single Disc).......... | Included |
| Stability Control............. | Included | Bluetooth Wireless............ | Included |
| ABS (4-Wheel)................. | Included | Backup Camera........................... | Included |
| Anti-Theft System............. | Included | Dual Air Bags............................ | Included |
| Keyless Entry........................... | Included | Side Air Bags........................... | Included |
| Air Conditioning.............. | Included | F&R Head Curtain Air Bags..... | Included |
| Power Windows.......................... | Included | Power Seat................................ | Included |
| Power Door Locks.............. | Included | Daytime Running Lights........ | Included |
| Cruise Control....................... | Included | Fog Lights............................... | Included |
| Power Steering......................... | Included | Rear Spoiler............................. | Included |
| Tilt & Telescoping Wheel...... | Included | Alloy Wheels............................. | Included |

### Fuel City/Hwy 26/34 MPG

| | |
|---|---|
| Total Value without mileage................................. | $14,116/$16,876 |
| Mileage Adjustment(58,000) miles........................... | <$167> |
| ***Total Lending/Suggested Retail Value.......................................... | $13,949/$16,709 |

### Scheer Law Group LLP

11/10/2017-11/16/2017 Kelley Blue Book® KARPOWER Online's® values for 94903. Values are subjective opinions. Kelley Blue Book assumes no liability for errors or omissions as to values, manufacturer or dealer information.
©Copyright Kelley Blue Book 2017. All rights reserved.

EXHIBIT "A"

**LAW' 553-CA-ARB-eps 7/13**

DEAL# 184393
STK # EA237168
CUST# EA237168
FORM# 29242

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

Dealer Number __31804__     Contract Number __84482__     R.O.S. Number __N/A__     Stock Number __EA237168__

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller - Creditor (Name and Address) |
|---|---|---|
| RICK D JOHNSON 3107 SUNFLOWER DRIVE ANTIOCH, CA 94531 COUNTY: CONTRA COSTA 925/338-1258 | | CONCORD HONDA 1461 CONCORD AVE CONCORD, CA 94520 925/828 8000 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on all pages of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2014 | HONDA ACCORD | 221 | 1HGCR2F69EA237168 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 5.99 % | $ 7603.17 (e) | $ 33091.47 | $40694.64 (e) | $ 40694.64 (e) |

(e) means an estimate

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____

Co-Buyer Signs X _____ N/A _____

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 7 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____

Co-Buyer Signs X _____ N/A _____

#### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 83 | 484.46 | Monthly beginning 11/08/2014 |
| N/A | N/A | N/A |
| One final payment | 484.46 | 10/08/2021 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

# EXHIBIT "B"

Buyer Signs X _____   Co-Buyer Signs X _____ N/A _____

Case: 17-42440   Doc# 27   Filed: 11/13/17   Entered: 11/13/17 16:21:07   Page 5 of 11

ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
    A. Cash Price of Motor Vehicle and Accessories       $ **20535.00** (A)
        1. Cash Price Vehicle       $ **20535.00**
        2. Cash Price Accessories       $ **N/A**
        3. Other (Nontaxable)
            Describe **N/A**       $ **N/A**
            Describe **N/A**       $ **N/A**
    B. Document Processing Charge (not a governmental fee)       $ **80.00** (B)
    C. Emissions Testing Charge (not a governmental fee)       $ **N/A** (C)
    D. (Optional) Theft Deterrent Device (to whom paid) **Phantom Footprint**       $ **99.00** (D)
    E. (Optional) Theft Deterrent Device (to whom paid) **N/A**       $ **N/A** (E)
    F. (Optional) Theft Deterrent Device (to whom paid) **N/A**       $ **N/A** (F)
    G. (Optional) Surface Protection Product (to whom paid) **PermaPlate**       $ **399.00** (G)
    H. (Optional) Surface Protection Product (to whom paid) **LEATHER**       $ **1150.00** (H)
    I. EV Charging Station (to whom paid) **N/A**       $ **N/A** (I)
    J. Sales Tax (on taxable items in A through I)       $ **2003.67** (J)
    K. Electronic Vehicle Registration or Transfer Charge
        (not a governmental fee) (to whom paid) **AVRS**       $ **29.00** (K)
    L. (Optional) Service Contract (to whom paid) **N/A**       $ **N/A** (L)
    M. (Optional) Service Contract (to whom paid) **N/A**       $ **N/A** (M)
    N. (Optional) Service Contract (to whom paid) **N/A**       $ **N/A** (N)
    O. (Optional) Service Contract (to whom paid) **N/A**       $ **N/A** (O)
    P. (Optional) Service Contract (to whom paid) **N/A**       $ **N/A** (P)
    Q. Prior Credit or Lease Balance paid by Seller to
        **SAFEAMERICA**       (e) $ **7743.05** (Q)
        (see downpayment and trade-in calculation)
    R. (Optional) Gap Contract (to whom paid) **EASY CARE GAP**       $ **799.00** (R)
    S. (Optional) Used Vehicle Contract Cancellation Option Agreement       $ **N/A** (S)
    T. Other (to whom paid) **N/A**
        For **N/A**       $ **N/A** (T)
    Total Cash Price (A through T)       $ **32837.72** (1)

2. Amounts Paid to Public Officials
    A. Vehicle License Fees **ESTIMATED**       $ **144.00** (A)
    B. Registration/Transfer/Titling Fees       $ **101.00** (B)
    C. California Tire Fees       $ **8.75** (C)
    D. Other **N/A**       $ **N/A** (D)
    Total Official Fees (A through D)       $ **253.75** (2)

3. Amount Paid to Insurance Companies
    (Total premiums from Statement of Insurance column a + b)       $ **N/A** (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee       $ **N/A** (4)

5. Subtotal (1 through 4)       $ **33091.47** (5)

6. Total Downpayment
    A. Agreed Trade-in Value  Yr. **2012**  Make **TOYOTA**       $ **19800.00** (A)
        Model **CAMRY HYBRID**  Odom. **55816**
        VIN **4T1BD1FKXCU009387**
    B. Less Prior Credit or Lease Balance       $ **27543.05** (B)
    C. Net Trade-in (A less B) (indicate if a negative number)       $ **-7743.05** (C)
    D. Deferred Downpayment       $ **N/A** (D)
    E. Manufacturer's Rebate       $ **N/A** (E)
    F. Other **N/A**       $ **N/A** (F)
    G. Cash       $ **N/A** (G)
    Total Downpayment (C through G)       $ **0.00** (6)
    (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 10 above.)

7. Amount Financed (5 less 6)       $ **33091.47** (7)

---

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 7, is paid in full on or before
**N/A** , Year **N/A** , SELLER'S INITIALS **N/A**

---

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term **84** Mos. **EASY CARE GAP**
                Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in Item 1L, 1M, 1N, 1O, and/ or 1P.

1L Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1M Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1N Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1O Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1P Company **N/A**
Term **N/A** Mos. or **N/A** Miles
Buyer X **N/A**

---

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: **N/A**
Amount $ **N/A** Finance Charge $ **N/A**
Total $ **N/A** Payable in **N/A**
Installments of $ **N/A** , $ **N/A** , $ **N/A**
from this Loan is shown in Item 6D.

---

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:

**N/A**

---

Buyer Signs X _____  Co-Buyer Signs X **N/A**

Case: 17-42440   Doc# 27   Filed: 11/13/17   Entered: 11/13/17 16:21:07   Page 6 of 11

SELLER'S RIGHT TO CANCEL. If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on page 6 giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _____          X _____ N/A _____
  Buyer                                  Co-Buyer

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
**WARNING:**
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

X _____          X _____ N/A _____

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in Item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand and that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage. Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on page 6 of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _____

Co-Buyer Signature X _____ N/A _____

## CREDIT DISABILITY INSURANCE NOTICE
## CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

## STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | Term | Premium |
|---|---|---|
| $ N/A  Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A  Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury      $ N/A  Limits | N/A Mos. | $ N/A |
| Property Damage $ N/A  Limits | N/A Mos. | $ N/A |
| Medical          N/A | N/A Mos. | $ N/A |
|                  N/A | N/A Mos. | $ N/A |
| **Total Vehicle Insurance Premiums** | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____

Co-Buyer X _____ N/A _____

Seller X __ CONCORD HONDA __

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance

Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | N/A | $ N/A |
| Credit Disability | N/A Mos. | N/A | $ N/A |
| Total Credit Insurance Premiums | | $ | N/A (b) |

Insurance Company Name
N/A

Home Office Address
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay off all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

| N/A | X N/A | N/A |
|---|---|---|
| Date | Buyer Signature | Age |
| N/A | X N/A | N/A |
| Date | Co-Buyer Signature | Age |

09/24/2014   08:01 pm
LAW 553-CA-ARB.eps 7/13 v1    Page 8 of 7

Case: 17-42440    Doc# 27    Filed: 11/13/17    Entered: 11/13/17 16:21:07    Page 7 of 11

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**

   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**

   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   > **GAP LIABILITY NOTICE**
   > In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

   c. **Security interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This security payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information on a credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property;
   - The vehicle is lost, damaged or destroyed; or
   - You break any agreements in this contract.

   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.     09/24/2014   05:01 pm

Case: 17-42440   Doc# 27   Filed: 11/13/17   Entered: 11/13/17 16:21:07   Page 8 of 11

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on page 1 of this contract, not to exceed the highest rate permitted by law, until you pay.

g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. WARRANTIES SELLER DISCLAIMS
If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. Servicing and Collection Contacts.
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. Applicable Law
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

8. Warranties of Buyer. You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

N/A

09/24/2014  06:01 pm
LAW 553-CA-ARB-ace 7/13 v1   Page 6 of 7

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and sign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and if is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____  Co-Buyer Signature X ___N/A.___

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 7, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____  Date 09/24/2014  Co-Buyer Signature X ___N/A___  Date ___N/A___

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____  Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____  Date 09/24/2014  Guarantor X _____  Date ___N/A___

Address ___N/A___  Address ___N/A___

Seller signs  CONCORD HONDA  Date 09/24/2014  By _____  Title MGR

| Seller assigns its interest in this contract to | (Assignee) at (address) |
|---|---|
| | Safe Amer CU |
| | 6001 Gibraltar Dr. |
| | Pleasanton, CA 94588 |
| | ELT # P52 |

under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse   ☒ Assigned without recourse

Seller  CONCORD HONDA  By _____  Title MGR

09/24/2014  05:01 pm
LAW 553-CA-ARB-eas 7/13 v1  Page 6 of 7

Case: 17-42440   Doc# 27   Filed: 11/13/17   Entered: 11/13/17 16:21:07   Page 10 of 11

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Buyer Signs X _____  Co-Buyer Signs X ____  N/A

**LAW®** FORM NO. 553-CA-ARB-eps (REV 7/13)  U.S. PATENT NO. D450,713
©2013 The Reynolds and Reynolds Company
THESE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

09/24/2014  05:01 pm
LAW 553-CA-ARB-eps 7/13 v1  Page 7 of 7