Armin M. Kolenovic (SBN 315634)
akolenovic@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
JPMorgan Chase Bank, National Association

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FRANCESCA MARIE TOBIN-JOHNSON and RICK DERON JOHNSON,<br><br>Debtors. | Case No. 17-42440-RLE<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: November 2, 2017<br>TIME: 2:00PM<br>PLACE: Oakland U.S. Trustee Office<br><br>CONFIRMATION HEARING:<br>DATE: Pending<br>TIME: ------<br>CTRM: ------ |

JPMorgan Chase Bank, National Association[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtors, Francesca Marie Tobin-Johnson and Rick Deron Johnson (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. The objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 Plan as it fails to properly provide for Creditor's claim. Specifically, Debtors' Plan fails to provide for a cure of Creditor's pre-petition claim in. For the reason set forth herein, the Court should deny confirmation of the Debtors' Chapter 13 Plan.

# 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor Francesca Marie Tobin ("Borrower"), and dated April 24, 2007, in the original principal sum of $70,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 3107 Sunflower Dr, Antioch, California 94531 (the "Subject Property"). A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See **Exhibit A**. Subsequently, the beneficial interest in the Deed of Trust was transferred to Creditor. A copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

4. On September 27, 2017, Debtors filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division, and were assigned case number 17-42440-RLE.

5. On October 31, 2017 the Debtors filed their Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $2,000.00, for 60 months. However, Debtors' Plan does not provide for a cure of arrears owed to Creditor in any amount.

6. Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $66,392.87 and that its pre-petition

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

arrearage claim is in the approximate amount of $1,325.82, representing: $1,325.82 in escrow shortage.

### 3) ARGUMENT

### A. DEBTORS' CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtors fail to meet this burden.

#### 1. Debtors' Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtors' Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $1,325.82. However, the Debtors' Chapter 13 Plan fails to provide for payment of the pre-petition arrears on Creditor's secured claim. As the Debtors' Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

#### 2. Debtors' Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of $1,325.82 in pre-petition arrears; however, Debtors' Plan does not provide a cure of arrears in any amount. Debtors will have to increase their monthly payment through the Chapter 13 Plan to Creditor to approximately $22.09 in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months. As the Debtors' Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

## IV. CONCLUSION

In light of the Debtor's Plan's failure to provide for a cure Creditor's pre-petition claim in full, Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtors' Chapter 13 Plan be denied;

ii) Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months; and

iii) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: 11/14/17                ALDRIDGE PITE, LLP


By: /s/ Armin M. Kolenovic
ARMIN M. KOLENOVIC (SBN 315634)
Attorneys for JPMorgan Chase Bank, National Association